BEDLE vs. WARDELL and wife.

In a suit to foreclose a usurious mortgage, the mortgagor is not entitled to a deduction of all the interest paid on the whole principal sum of the mortgage, but only of the interest on the excess of such principal sum over the amount actually loaned.

On final hearing on bill, answer, and proofs.

*Mr. Beekman* and *Mr. Murphy,* for complainant.

*Mr. R. Allen, Jr.,* for defendant, S. Wardell.

THE CHANCELLOR.

This suit is brought to foreclose a mortgage made by the defendants, Samuel Wardell and wife, in favor of the complainant, on certain land in Monmouth county, for $1000, payable in one year from its date, (August 2d, 1871,) with

Bedle *v.* Wardell.

lawful interest. The interest on the mortgage was paid up to the 2d of August, 1873. The suit was commenced on the 1st of July, 1874. The mortgagor alleges in his answer, that in pursuance of an agreement made between him and the mortgagee, on the loan of the money, he allowed to the latter $100, as premium for the loan, and accordingly received only $900 for the mortgage. The receipt of this premium under that agreement, is admitted by the complainant in his testimony. The mortgagor insists that the complainant is entitled to a decree for only $760, the amount of the money actually lent, less the interest paid on the mortgage. The supplement of April 12th, 1864, to the act against usury, declares that in all cases of suits at law or in equity to enforce any note, bill, bond, mortgage, contract, covenant, conveyance, or assurance, which shall be thereafter made for the payment or delivery of any money, wares, merchandise, goods, or chattels lent, and on which a higher rate of interest shall be reserved than was or is allowed by the law of the place where the contract is made, or is to be performed, the amount or value actually lent, without interest or costs of suit, may be recovered, and no more; and if any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid, and recovery had for the balance only. The complainant then can only recover, in this suit, the amount actually lent, which is $900, less the illegal interest which he has received, which is $7. The act does not direct a deduction of all interest which has been received on the loan, but all illegal interest only. The complainant has received interest for one year on $1000, whereas, he lent only $900. He has therefore received, illegally, interest for one year, $7, on $100. Deducting the premium and illegal interest from the amount of the mortgage, there remains due to the complainant the sum of $893, for which, without interest or costs, he is entitled to a decree.